UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADRIANA PEREZ-ROSAS, § | | |
| Plaintiff, § | | Civil Action No. 5:17-cv-271 |
| § | | |
| v. § | | |
| § | | JURY DEMANDED |
| CLICK CONNECT, LLC, § | | |
| TRIO WIRELESS, LLC, § | | |
| ASIF BHIMANI, Individually, and § | | |
| SHAYAN AMLANI, Individually, § | | |
| Defendants § | | |

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff ADRIANA PEREZ-ROSAS ("Plaintiff"), by and through her undersigned attorney of record, and sues Defendants CLICK CONNECT, LLC, TRIO WIRELESS, LLC, ASIF BHIMANI, and SHAYAN AMLANI ("Defendants") and in support thereof would show unto this Honorable Court as follows:

**I.     PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2.     During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times her regular rate of pay.

**II.     PARTIES**

3.     Plaintiff is an individual residing in Bexar County, Texas.

4.     Defendant CLICK CONNECT, LLC is a domestic limited liability company doing business in the State of Texas and maintains its principal office in San Antonio, Texas. Defendant

1

can be served with process by serving its registered agent for service of process, Mr. Asif Kasim Bhimani, 909 S. WW White Road, San Antonio, Texas 78220.

5. Defendant Trio Wireless, LLC is a domestic limited liability company doing business in the State of Texas and maintains its principal office in San Antonio, Texas. Defendant can be served with process by serving its registered agent for service of process, Mr. Asif K Bhimani, 5005 Walzem Road, San Antonio, Texas 78239.

6. ASIF BHIMANI is an individual who may be served with process at 909 S. WW White Road, San Antonio, Texas 78220, 5005 Walzem Road, San Antonio, Texas 78239, or wherever he may be found.

7. SHAYAN AMLANI is an individual who may be served with process at 1731 SW Military Drive, San Antonio, Texas 78221, 21303 Encino Commons, #2411, San Antonio, Texas 78259, or wherever he may be found.

### III. JURISDICTION AND VENUE

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1337, and by Title 28 U.S.C. § 216(b).

9. Venue is proper in this district under 28 U.S.C. § 1391.

### IV. FLSA COVERAGE

10. At all times pertinent to this Complaint, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

11. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V. FACTUAL ALLEGATIONS

15. Defendants operate wireless cellphone retail stores in San Antonio Texas. Plaintiff worked at Defendants' stores selling goods and services to the public.

16. ASIF BHIMANI and SHAYAN AMLANI are individuals who are owners and managers of CLICK CONNECT, LLC and TRIO WIRELESS, LLC.

17. As owners and managers of CLICK CONNECT, LLC and TRIO WIRELESS, LLC, ASIF BHIMANI and SHAYAN AMLANI each independently exercised control over the work situation of Plaintiff.

18. ASIF BHIMANI and SHAYAN AMLANI determined the wages to be paid to Plaintiff.

19. ASIF BHIMANI and SHAYAN AMLANI determined the work to be performed by Plaintiff.

20. ASIF BHIMANI and SHAYAN AMLANI maintained the employment records of Plaintiff.

21. ASIF BHIMANI and SHAYAN AMLANI maintained the power to discipline Plaintiff.

22. ASIF BHIMANI and SHAYAN AMLANI maintained the power to hire and fire Plaintiff.

23. ASIF BHIMANI and SHAYAN AMLANI maintained control, oversight, and direction over the operation of Defendants' employment practices, including those practices affecting Plaintiff.

24. Plaintiff performed her job under Defendants' supervision, and using materials and technology approved and supplied by Defendants.

25. Although sometimes called a "Sales Manager", or similar title, the primary duty of Plaintiff was the sale of goods and services to the public.

26. Plaintiff was misclassified as exempt from the overtime provisions of the FLSA and denied payment of overtime wages.

27. Defendants paid Plaintiff a salary.

28. Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

29. When Plaintiff worked more than forty hours in a workweek, Defendants did not pay her one and one-half times her regular hourly rate.

30. Defendants' conduct as described herein was willful in that they either knew or showed reckless disregard as to whether their conduct violated the FLSA.

31. Defendants' conduct as described herein was not based in good faith and with a reasonable belief that they complied with the FLSA.

32. No justification or excuse existed for Defendants' practice of failing to compensate Plaintiff for all work performed each week.

33. Defendants were aware that Plaintiff regularly worked in excess of forty (40) hours per workweek.

# VI. CAUSES OF ACTION: VIOLATION OF 29 U.S.C. § 207 FAILURE TO PAY OVERTIME COMPENSATION

34. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

35. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

36. Throughout the relevant period, Defendants misclassified Plaintiff as exempt and failed to pay her one and one-half times her regular rate of pay for all hours worked over forty in a workweek.

37. Throughout the relevant period, Defendants expected and required Plaintiff to be available to work more than forty hours in a workweek.

38. Plaintiff has been harmed as a direct and proximate result of Defendants' unlawful conduct because she has been deprived of wages owed for work she performed and from which Defendants derived a direct and substantial benefit.

39. Defendants violated the FLSA when they failed to pay Plaintiff under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff has suffered a wage loss.

40. Defendants' failure to pay overtime to Plaintiff, in violation of the FLSA, was willful in that they either knew or showed reckless disregard as to whether their conduct violated the FLSA.

41. Defendants' failure to pay overtime to Plaintiff, in violation of the FLSA, was not based in good faith and with a reasonable belief that they complied with the FLSA.

# VII. JURY DEMAND

42. Plaintiff hereby requests a trial by jury.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award damages to Plaintiff as specified above;

3. The Court award reasonable and necessary attorney's fees and costs; and

4. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.  Plaintiff further prays for any such other relief as the Court may find proper, whether in law or in equity.

DATED this 3rd day of April, 2017.

        Respectfully submitted:

By: */s/ David G. Langenfeld*
    **David G. Langenfeld**
    Attorney-in-Charge
    State Bar No. 11911325
    LEICHTER LAW FIRM
    1602 East 7th Street
    Austin, TX  78702
    Tel.:  (512) 495-9995
    Fax:  (512) 482-0164
    Email:  david@leichterlaw.com

**ATTORNEYS FOR PLAINTIFF**